UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN PRUNTY,

                                  Petitioner,

      v.
                                                05-CR-0499

UNITED STATES OF AMERICA,

                                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Petitioner Stephen Prunty moves pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence of 120 months issued on June 23, 2006. Petitioner also seeks the appointment of counsel. Petitioner contends that he did not receive the effective assistance of counsel guaranteed to him by the Sixth Amendment when he pled guilty to the charge of possession of child pornography. Petitioner also claims that the Court did not have jurisdiction over this matter because there was no evidence that the photographs on his computer were obtained via the Internet.

        Absent some showing of special circumstances, Petitioner's claims are precluded by the one-year statute of limitations set forth in 28 U.S.C. § 2255. Here, the judgment was final on July 23, 2006 and this petition was not mailed until August 18, 2007. Petitioner has made no showing of special circumstances. The petition is, therefore, untimely.

Assuming this motion is not untimely, pursuant to the plea agreement, Petitioner waived his right to collaterally attack any sentence of 120 months or less. Because Petitioner was sentenced to 120 months' imprisonment, he has waived the right to file this petition on the ground that the Court lacked jurisdiction.

Because Petitioner has failed to demonstrate any special circumstances to validate his untimely petition and because Petitioner waived his right to collaterally attack his sentence, his petition and his motion to appoint counsel are **DENIED**.

A certificate of appealability, pursuant to 28 U.S.C. § 2253(c), should be issued when a petitioner "make[s] a substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 881-82. Petitioner having failed to satisfy such a showing, a Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.

Dated:October 23, 2007

Thomas J. McAvoy
Senior, U.S. District Judge